UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIR JOHN HAUSLEY, | ) |
| | ) Case No. 21 C 3929 |
| Plaintiff, | ) |
| v. | ) Judge |
| | ) |
| UNKNOWN MEMBERS OF THE CHICAGO | ) Magistrate Judge |
| POLICE DEPARTMENT and CITY OF | ) |
| CHICAGO, ILLINOIS, a Municipal | ) JURY TRIAL DEMANDED |
| Corporation, | ) |
| | ) |
| Defendants. | ) |

## CIVIL RIGHTS COMPLAINT

Plaintiff, SIR JOHN HAUSLEY, by and through his attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, complains against defendants, UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT and CITY OF CHICAGO, ILLINOIS, as follows:

1. This action arises under the United States Constitution and the laws of the United States, specifically 42 U.S.C. § 1983, to redress deprivations of the civil rights of the plaintiff, SIR JOHN HAUSLEY, through acts and/or omissions of defendants, UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT and CITY OF CHICAGO, ILLINOIS, committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. In addition, plaintiff asserts supplemental Illinois state claims.

## JURISDICTION AND VENUE

2. Jurisdiction is based upon 28 U.S.C. §§ 1343, 1331, and 1367

3. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

**PARTIES**

4. At all times herein mentioned, plaintiff SIR JOHN HAUSLEY was and is a citizen of the United States and the State of Illinois.

5. At all times herein mentioned, defendants UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT were acting under color of state law and as employees or agents of the CITY OF CHICAGO, ILLINOIS. Once these individuals are identified by name, plaintiff will move to amend this complaint to name them. A picture of one of the unknown defendant sergeants is attached to this complaint as Exhibit A.

6. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**FACTUAL ALLEGATIONS**

7. In the early morning hours of July 25, 2020, plaintiff HAUSLEY was at or near the 2100 block of West Jackson Boulevard, in Chicago, Illinois.

8. Defendants, seven to ten members of the Chicago Police Department, at least two of whom were Chicago police sergeants, arrived on the 2100 block of West Jackson Boulevard, in Chicago, Illinois.

9. Defendants told the crowd, made up of African American citizens, to disperse and go home.

10. Plaintiff HAUSLEY began backing away as defendants ordered the crowd to disperse, while voicing his displeasure at the way the officers were yelling and brandishing their nightsticks.

11. As plaintiff HAUSLEY backed up toward the sidewalk, an UNKNOWN MEMBER OF THE CHICAGO POLICE DEPARTMENT, a sergeant, who is depicted in the picture attached hereto as Exhibit A in the seconds before he struck plaintiff, came at plaintiff, swinging his nightstick.

12. As plaintiff HAUSLEY made comments critical of the police, the UNKNOWN MEMBER OF THE CHICAGO POLICE DEPARTMENT depicted in Exhibit A struck plaintiff hard, on his left hand, with his nightstick.

13. The blow caused injury to plaintiff's left hand. It also caused plaintiff to stumble and plaintiff's cellphone to go flying.

14. When plaintiff asked the sergeant in Exhibit A for his badge number and complained about being hit, the sergeant threatened to arrest him, claiming that he had only hit the cup in plaintiff's hand with his nightstick.

15. Another UNKNOWN MEMBER OF THE CHICAGO POLICE DEPARTMENT, a second sergeant, pulled out his mace, shook it, and threatened to use it.

16. Another UNKNOWN MEMBER OF THE CHICAGO POLICE DEPARTMENT, an officer, grabbed plaintiff by the arm. Plaintiff continued to complain about the rough treatment.

17. Although there were other officers present, including a female officer, no one intervened to stop the physical abuse.

18. The blow to plaintiff HAUSLEY's hand caused him considerable pain. The hand swelled up and plaintiff had difficulty moving some of his fingers.

19. Plaintiff sought medical attention and received therapy for his injuries.

20. By reason of the above-described acts and omissions of defendants set forth in the above paragraphs, plaintiff HAUSLEY suffered great mental, emotional, and physical pain and suffering, all to his damage.

21. The aforementioned acts of defendants UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff HAUSLEY's rights and justify the awarding of exemplary and punitive damages.

22. By reason of the above-described acts and omissions of defendants UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT, plaintiff HAUSLEY was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff HAUSLEY requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

**COUNT I**
**Plaintiff HAUSLEY Against Defendant UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT for Excessive Force**

23. Plaintiff HAUSLEY incorporates and alleges paragraphs 1-22, as though set forth herein in their entirety.

24. The force used by defendant UNKNOWN MEMBER OF THE CHICAGO POLICE DEPARTMENT depicted in Exhibit A in striking plaintiff HAUSLEY with his nightstick, causing injuries for which plaintiff HAUSLEY sought medical treatment, and by the UNKNOWN MEMBER OF THE CHICAGO POLICE DEPARTMENT in grabbing plaintiff, was excessive, unnecessary, unreasonable, and without legal cause.

4

**Direct liability and failure to intervene**

25. UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT who struck plaintiff and grabbed him are directly liable for their own actions in the use of excessive force.

26. Other UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT who were present at the time had reason to know that plaintiff was subjected to constitutional violations by other officers, all unjustifiably and without legal cause.

27. Said defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but failed to intervene.

28. By reason of the conduct of defendants UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT, plaintiff HAUSLEY was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT are liable to plaintiff HAUSLEY pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff HAUSLEY Against Defendant UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT for First Amendment Violation**

29. Plaintiff HAUSLEY incorporates and alleges paragraphs 1-22, as though set forth herein in their entirety.

30. The abusive conduct by defendant UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT was a direct result of and in retaliation for plaintiff's criticism in public of police conduct towards a group of citizens.

31. Plaintiff's statements in exercise of his constitutional right to free speech were a substantial and motivating factor in defendants' adverse action.

32. Criticism of public officials lies at the very core of speech protected by the First Amendment, and retaliation by a government actor in response to such an exercise of First Amendment rights forms a basis for § 1983 liability.

33. Defendants' adverse action in striking, threatening, and abusing plaintiff caused him to suffer an injury which would chill a person of ordinary firmness from continuing in the exercise of the right to free speech.

**Direct liability and failure to intervene**

34. UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT who acted in retaliation for plaintiff's criticism in public of police conduct, including the sergeant depicted in Exhibit A, are directly liable for their own actions in violating plaintiff's First Amendment rights.

35. Other UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT who were present at the time had reason to know that plaintiff was subjected to constitutional violations by other officers, all unjustifiably and without legal cause.

36. Said defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but failed to intervene.

37. By reason of the conduct of defendant UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT, plaintiff HAUSLEY was deprived of rights, privileges, and immunities secured to him by the First and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, UNKNOWN MEMBERS OF THE

CHICAGO POLICE DEPARTMENT are liable to plaintiff HAUSLEY pursuant to 42 U.S.C. § 1983.

## COUNT III
**Plaintiff HAUSLEY Against Defendant CITY OF CHICAGO for State Supplemental Claim of Failure to Reasonably Train, Supervise, and Retain**

38. Plaintiff HAUSLEY incorporates and alleges paragraphs 1-22, as though set forth herein in their entirety.

39. Defendant UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT, including the sergeant depicted in Exhibit A, engaged in willful and wanton conduct in their mismanagement of a group of citizens, in their use of excessive force, in their emotional response to public criticism, in their inability to de-escalate a tense situation, and in their lack of diversity sensitivity.

40. Defendant UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT engaged in a course of conduct which showed an actual or deliberate intention to cause harm or which, if not intentional, showed an utter indifference to or conscious disregard for the safety of others or their property.

41. As the employer, the CITY OF CHICAGO failed to properly train, supervise, control, instruct and possibly terminate its police officer employees when engaged in situations such as what occurred on July 25, 2020, which enabled and furthered the willful and wanton conduct.

42. Defendant CITY OF CHICAGO is liable to plaintiff HAUSLEY under Illinois law for the state supplemental claim of negligent training, supervision, and/or retention.

**Count IV**
**Plaintiff HAUSLEY Against Defendant UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT and CITY OF CHICAGO for State Supplemental Claim of Battery**

43. Plaintiff HAUSLEY incorporates and alleges paragraphs 1-22, as though set forth herein in their entirety.

44 The physical contact by defendant UNKNOWN MEMBER OF THE CHICAGO POLICE DEPARTMENT (depicted in Exhibit A) in striking plaintiff HAUSLEY with his nightstick, causing injuries for which plaintiff HAUSLEY required medical treatment, and by the UNKNOWN MEMBER OF THE CHICAGO POLICE DEPARTMENT who grabbed plaintiff HAUSLEY, were offensive and injurious, and against plaintiff HAUSLEY's will.

45. Defendant UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT, including the sergeant depicted in Exhibit A, are liable to plaintiff HAUSLEY under Illinois law for the state supplemental claim of battery.

46. Defendant CITY OF CHICAGO as the employer is liable to plaintiff pursuant to the doctrine of *respondeat superior*.

**COUNT V**
**Plaintiff HAUSLEY Against Defendant UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT and CITY OF CHICAGO for State Supplemental Claim of Assault**

47. Plaintiff HAUSLEY incorporates and alleges paragraphs 1-22, as though set forth herein in their entirety.

48. Defendant UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT, including the sergeant depicted in Exhibit A, engaged in conduct, including threatening words and threatening gestures, which placed plaintiff HAUSLEY in reasonable

apprehension of receiving a battery. Plaintiff was in reasonable fear not only of a physical attack, but of being forcibly arrested and formally charged with crimes, for no reason.

49. Defendant UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT, including the sergeant depicted in Exhibit A, are liable to plaintiff HAUSLEY under Illinois law for the state supplemental claim of assault.

50. Defendant CITY OF CHICAGO is liable to plaintiff pursuant to the doctrine of *respondeat superior*.

## COUNT VI
### Plaintiff HAUSLEY Against Defendant CITY OF CHICAGO for Indemnification
### (735 ILCS 10/9-102)

51. Plaintiff HAUSLEY incorporates and alleges paragraphs 1-22, as though set forth herein in their entirety.

52. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

53. Defendant UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

54. Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiff, SIR JOHN HAUSLEY, requests judgment as follows against defendant UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT and CITY OF CHICAGO, in the claims set forth above, and specifically:

    A.    That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter;

    B.    That defendants be required to pay plaintiff special damages, in a sum to be ascertained at a trial of this matter;

      C.      That defendant UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT be required to pay plaintiff punitive damages in a sum to be ascertained at a trial of this matter;

      D.      That defendants be required to pay plaintiff's attorneys' fees pursuant to 42. U.S.C. § 1988, the Equal Access to Justice Act, or any other applicable provision;

      E.      That defendants be required to pay plaintiff's costs of the suit herein incurred; and

      F.      That plaintiff be granted such other and further relief as this Court may deem just and proper.

**Plaintiff hereby requests a TRIAL BY JURY.**

Dated: July 23, 2021                                    /s/   Irene K. Dymkar
                                                                      Irene K. Dymkar

Plaintiff's Attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Attorneys for Plaintiff
Law Offices of Irene K. Dymkar
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123