UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIR JOHN HAUSLEY, | ) |
|       Plaintiff, | ) Case No. 21 C 3929 |
| v. | ) Judge Sara L. Ellis |
| UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT and CITY OF CHICAGO, ILLINOIS, a Municipal Corporation, | ) Magistrate Judge Maria Valdez |
|       Defendants. | ) |

**PLAINTIFF'S MOTION TO COMPEL RELEASE OF RECORDS FROM CORPORATION COUNSEL AND FROM THE OFFICE OF EMERGENCY MANAGEMENT AND COMMUNICATIONS, AND TO COMPEL THE CHICAGO POLICE DEPARTMENT TO IDENTIFY THE UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT DEFENDANTS**

Plaintiff, SIR JOHN HAUSLEY, by and through his attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, hereby moves this Court for an order compelling the Office of Emergency Management and Communications and Corporation Counsel to release records requested by plaintiff's counsel through the Freedom of Information Act and compelling the Chicago Police Department to identify the unknown members of the Chicago Police Department defendants. In support of his motion, plaintiff states:

      1.      This action arises under the United States Constitution and the laws of the United States, specifically 42 U.S.C. § 1983, to redress deprivations of the civil rights of the plaintiff, SIR JOHN HAUSLEY, through acts and/or omissions of defendants, UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT and CITY OF CHICAGO, ILLINOIS, committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. In addition, plaintiff asserts supplemental Illinois state claims.

2. Plaintiff requests that this Court enter an order compelling the Office of Emergency Management and Communications ("OEMC") and Corporation Counsel to release records that were first requested by plaintiff's counsel in May of 2021 through the Freedom of Information Act ("FOIA"), and compelling the Chicago Police Department to identify the unknown members of the Chicago Police Department defendants.

3. Plaintiff first contacted counsel about a potential case in early August 2020, just days after the incident that gave rise to this lawsuit.

4. Shortly thereafter, on August 13, 2020, plaintiff's counsel sent preservation letters to OEMC, Corporation Counsel, and the Chicago Police Department, putting them on notice to preserve "all police records, OEMC records, GPS records, audio, video, including but not limited to dash camera and body camera video, POD camera video, paper records, and electronically stored records" regarding plaintiff's incident. Exhibit A (Preservation Letter of 8/13/2020).

5. Plaintiff's counsel sent several FOIA requests in the months after they sent the preservation letter.

6. On May 5, 2021, plaintiff's counsel submitted a FOIA request to OEMC for Global Positioning System ("GPS") records for all Chicago police officers within 1000 feet of where the incident occurred, and a spreadsheet of the corresponding GPS data. Exhibit B (FOIA Request of 5/5/2021).

7. On May 12, 2021, plaintiff's counsel received a response from an OEMC FOIA officer, A. Martin, indicating that the records were "no longer retained in [their] system having been purged per [their] retention schedule, prior to the receipt of [plaintiff's counsel's] request." Exhibit C (OEMC Email of 5/12/2021).

8. Plaintiff's attorney, Shamoyita M. DasGupta, made numerous attempts to contact Officer Martin, both by phone and by email, on May 18, 2021, May 25, 2021, June 7, 2021, and June 24, 2021, attempting to locate the records. Attorney DasGupta attached the August 13, 2020 preservation letter to most of the follow up emails. Exhibit D (Emails of 5/18/2021, 5/25/2021, 6/7/2021, and 6/24/2021).

9. Plaintiff's counsel did not receive a response to her emails until she received a call on June 24, 2021 from Officer Martin, who again confirmed that the records were listed as having been purged when she searched for them, and recommended that attorney DasGupta call OEMC's subpoena unit to learn more. Officer Martin also indicated to attorney DasGupta that the subpoena unit would have been the unit to receive the preservation letter.

10. Plaintiff's attorney DasGupta then made a couple attempts to reach the OEMC subpoena unit, before speaking to an individual named Raisa on July 15, 2021, who informed attorney DasGupta that the preservation letter had been received by OEMC months after it was sent on August 13, 2020, but that prior to the letter being received, someone from Corporation Counsel had placed a hold on documents relating to this incident. Unfortunately, Raisa could not tell attorney DasGupta how to obtain the documents that had been placed on hold, which were now under the control of Corporation Counsel.

11. On July 23, 2021, plaintiff filed his complaint, with an image of one of the officers involved attached. Doc. 1.

12. On August 3, 2021, counsel for defendant City of Chicago, Danielle Alvarez, emailed plaintiff's counsel regarding identifying the individual Chicago police officer defendants.

3

13. Attorney DasGupta spoke with attorney Alvarez by phone on August 4, 2021, explaining plaintiff's counsel's attempts to identify the officers and obtain GPS records, and providing attorney Alvarez with what plaintiff's counsel believes to be the unit numbers of the Chicago police officers involved on the date of the incident. Attorney Alvarez indicated that she had made an initial request for documents, and that she would attempt to locate the GPS records that plaintiff's counsel has requested.

14. On August 17, 2021, defendants filed a Motion to Extend Time to Answer or Otherwise Plead to Plaintiff's Complaint. Doc. 8. Plaintiff did not oppose the motion.

15. The motion was granted, and defendants' answer was due on October 1, 2021. Doc. 12.

16. On September 17, 2021, attorney Alvarez contacted plaintiff's counsel and indicated that she still had not received the documents she requested from City departments in August, including the GPS searches. Attorney Alvarez stated that she had not received *any* documents that would assist in identifying the officers, despite plaintiff having attached an image of one of the officers on the scene to his complaint. Attorney Alvarez asked plaintiff's counsel if they would object to another extension of time to answer the complaint, until November 1, 2021.

17. Plaintiff's attorney, Irene K. Dymkar, responded on September 20, 2021, that plaintiff objected to an additional extension of time, and asking counsel to identify the unknown officers. Ms. Dymkar told attorney Alvarez that plaintiff would be filing a motion to compel.

18. Counsel for defendant City of Chicago, Andréa L. Campbell, responded by email on September 24, 2021, with attendance records and an event query, but no GPS records.

4

19. As of October 12, 2021, per an email from attorney Alvarez, counsel for defendant City of Chicago still has not received a response to their request for GPS records.

20. Until defendants answer the complaint, plaintiff cannot proceed with discovery requests such as interrogatories and requests to admit, keeping plaintiff from learning more about the identity of the unknown officers and from obtaining records that he has been seeking for months, and from moving the case forward.

21. Plaintiff therefore requests that this Court enter an order compelling OEMC to release records that were first requested by plaintiff's counsel in May of 2021 through FOIA requests, and compelling the Chicago Police Department to identify the unknown members of the Chicago Police Department defendants.

22. If OEMC is correct that Corporation Counsel is now in possession of the GPS records requested by plaintiff, plaintiff further requests that this Court enter an order compelling Corporation Counsel to release said documents.

WHEREFORE plaintiff respectfully requests that this Court enter an order compelling Corporation Counsel and OEMC to release records that were first requested by plaintiff's counsel in May of 2021 through FOIA requests, and compelling the Chicago Police Department to identify the unknown members of the Chicago Police Department defendants.

Dated: October 13, 2021                                  /s/   Shamoyita M. DasGupta
                                                                                                     Shamoyita M. DasGupta

Plaintiff's Attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Attorneys for Plaintiff
Law Offices of Irene K. Dymkar
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123

## CERTIFICATE OF SERVICE

    I, Shamoyita M. DasGupta, an attorney, certify that on October 13, 2021, a copy of PLAINTIFF'S MOTION TO COMPEL RELEASE OF RECORDS FROM CORPORATION COUNSEL AND FROM THE OFFICE OF EMERGENCY MANAGEMENT AND COMMUNICATIONS, AND TO COMPEL THE CHICAGO POLICE DEPARTMENT TO IDENTIFY THE UNKNOWN MEMBERS OF THE CHICAGO POLICE DEPARTMENT DEFENDANTS, was served upon the attorneys for defendants named below through the Court's electronic filing system.

                                  Danielle M. Alvarez
                                  Andréa L. Campbell
                                  City of Chicago Department of Law
                                  2 N. LaSalle Street, Suite 420
                                  Chicago, IL 60602

Dated: October 13, 2021                                  /s/   Shamoyita M. DasGupta
                                                                         Shamoyita M. DasGupta